Harry M. GREENFIELD, Appellant,

v.

Alvin T. MURRAY, Executor of the Estate of Timothy Murray, Appellee.

No. 1662.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 12, 1955.

Decided Oct. 6, 1955.

Paschal R. La Padula, Washington, D. C., for appellant.

Harry E. Taylor, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Greenfield sued "Alvin T. Murray, executor of the Estate of Timothy Murray" for breach of contract to convey land. In his answer Murray alleged that he was only one of eight heirs who owned the property as tenants in common; that he had never entered into an agreement of sale with Greenfield; that Greenfield was one of several competitive bidders on property; and that the property was sold to someone else who was the highest bidder. At the conclusion of plaintiff's evidence, the trial court decided the case in favor of defendant, and it is that ruling we are asked to review.

We must say at the outset that the record is so skimpy as to make it exceedingly difficult to render a satisfactory decision on most of the issues presented to us. For instance, appellant challenges a statement made by the trial court that "it did not believe the court had jurisdiction. * * *" There is nothing before us to indicate whether the supposed lack of jurisdiction was based on the fact that the suit was against an executor or on some other ground. In this connection it should be noted that Congress has vested the Municipal Court with jurisdiction in suits against

executors, administrators and other fiduciaries. Code, § 11–755.

Plaintiff was put on notice by the answer that defendant was one of eight heirs who owned the property, and yet plaintiff took no steps, by amendment or otherwise, to indicate that he wished to proceed against Murray in his individual rather than his fiduciary capacity; nor did plaintiff make any move to bring in additional parties. It is true that in some circumstances a suit denominated as one against an executor or administrator may be regarded as an action against the named individual, and the words indicating his fiduciary capacity may be considered merely *descriptio personae*. Ryan v. McAdoo, 46 App.D.C. 117; 34 C.J.S., Executors and Administrators, § 715(b). But on the record before us there is nothing from which that problem can satisfactorily be resolved one way or the other. There was some evidence tending to show that Murray was acting in his own behalf; but other evidence indicated that he would not accept until after consulting his co-owners. From this we are constrained to say that appellant has failed in his burden of affirmatively establishing error.

 In a way the same thing may be said of another error assigned. We refer to a ruling that there had been no delivery of the sales contract. In a deposition before trial defendant admitted that when his attorney, Mr. Taylor, presented Greenfield's contract to him he signed it. But almost immediately he said, in response to questions by plaintiff's attorney, that Mr. Taylor had not given him plaintiff's check for the deposit, and also that Mr. Taylor had that same day presented him with a contract for the sale of the property to a different purchaser, and that he signed such new contract. The final question in said deposition put to defendant by plaintiff's counsel was, "Do you now or did you on or about August 19, 1954, have authority to enter into a contract of sale for the aforesaid property"? To this defendant's answer was, No. Again the record reveals a confused situation—so confused that it is most difficult to tell what legal principle should be applied. Defendant's answers in the deposition put plaintiff on notice that Murray had no authority to bind his co-owners to a contract. Indeed the same thing was recited in the answer filed more than four months before trial. And yet plaintiff made no move before or during trial to obtain production of the actual contract or to show the extent of Murray's authority to sign or (more important on this specific point) to show any circumstances establishing constructive delivery or an intention on the part of Murray that the contract be regarded as effective and binding.

The rule is that when a contract in writing is involved, delivery must ordinarily be proved as an essential element of execution. We recognize that there are circumstances when constructive delivery will suffice, as when it is mutually intended by the parties that a contract be effective without actual physical delivery. See 17 C.J.S., Contracts, § 64; 12 Am.Jur., Contracts, § 63. Here there was no showing that Murray intended to accept and be bound by any contract with Greenfield. The evidence was that he signed a contract presented by his attorney, but that his attorney was on that very day negotiating for a contract with other prospective purchasers and did in fact present one for Murray's approval. This can hardly be said to have established constructive delivery of, or an intention to be bound by the alleged contract with Greenfield.

 What we have just said is also related to the question of the statute of frauds. Our Code contains the usual provision that no action may be brought upon any contract for the sale of lands unless there be an agreement or memorandum " * * * signed by the party to be charged therewith * * *." Code, § 12–302. Though a contract had been signed, plaintiff never sought its production at the trial. The carbon copy produced at the trial bore only the signature of the purchaser Greenfield,

but no signature of the party to be charged. This was no more than an offer to buy, and was clearly unenforceable against Murray. Bell v. Morgan, 91 U.S.App.D.C. 65, 199 F.2d 168.

Affirmed.